**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1285**

JON EVERHART,

    Plaintiff – Appellee,

  v.

BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY,

    Defendant – Appellant,

  and

PRINCE GEORGE'S COUNTY EDUCATOR'S ASSOCIATION,

    Defendant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:11-cv-01196-PJM)

Submitted: September 12, 2016   Decided: September 16, 2016

Before NIEMEYER and SHEDD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Linda Hitt Thatcher, Robert J. Baror, Wayne B. Wiseman, THATCHER LAW FIRM, LLC, Greenbelt, Maryland, for Appellant. Bryan A. Chapman, LAW OFFICE OF BRYAN A. CHAPMAN, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jon Everhart, a former English teacher at Largo High School, filed this action against the Board of Education of Prince George's County, Maryland (the Board), asserting he was harassed on the basis of his race and retaliatorily discharged after complaining of the harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2012) (Title VII). After a nearly week-long trial, a jury returned a $350,000 verdict in Everhart's favor on the retaliatory discharge claim, but in the Board's favor on the harassment claim. The Board filed a motion for judgment notwithstanding the verdict (motion for JNOV), in accordance with Fed. R. Civ. P. 50, which was summarily denied by the district court. The district court awarded Everhart $198,170 in backpay. The Board timely appealed.

The Board asserts that the district court erred when it denied its motion for JNOV because, according to the Board, Everhart's evidence established he may have been terminated because of his race, but was insufficient to establish he was terminated in retaliation for his race discrimination complaints. The Board also asserts that even if this court agrees that the Board is liable for retaliatory discharge, the matter should be remanded to the district court because Everhart

3

failed to mitigate his damages and, thus, the Board asserts that Everhart should not have been awarded backpay.

A district court may grant a motion for JNOV if it finds that "no reasonable jury would [] have a legally sufficient evidentiary basis to find for the [non-moving] party[.]" Fed. R. Civ. P. 50(a)(1). We review de novo the denial of a motion for JNOV, see Randall v. Prince George's Cty., Md., 302 F.3d 188, 201 (4th Cir. 2002), and will affirm the denial if "giving the non-movant the benefit of every legitimate inference in his favor, there was evidence upon which a jury could reasonably return a verdict for him[.]" Abasiekong v. Shelby, 744 F.2d 1055, 1059 (4th Cir. 1984) (internal quotation marks and brackets omitted). Thus, we will not disturb a jury verdict "unless, without weighing the evidence or assessing witness credibility, we conclude that reasonable people could have returned a verdict only for [the moving party]." Cooper v. Dyke, 814 F.2d 941, 944 (4th Cir. 1987).

In reviewing a district court's order to deny a motion for JNOV, we are "not permitted to retry factual findings or credibility determinations reached by the jury." Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998). Rather, this court must "assume that testimony in favor of the non-moving party is credible, unless totally incredible on its face, and ignore the substantive weight of any evidence

4

supporting the moving party." Id. (internal quotation marks omitted).

Admittedly, "Title VII retaliation claims must be proved according to traditional principles of but-for causation, [which] . . . requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Univ. of Tex. Sw. Med. Ctr. v. Nassar, __ U.S. __, __, 133 S. Ct. 2517, 2533 (2013). While the evidence at trial established that Simpson-Marcus possessed discriminatory animus against Everhart, we find that the record contains sufficient evidence from which a reasonable jury could have reached the conclusion that Everhart's employment would not have been terminated "but for" its retaliation for Everhart's many race discrimination complaints. Accordingly, we discern no error in the district court's decision to deny the Board's motion for JNOV.

A successful Title VII plaintiff is generally entitled to backpay "as a matter of course, unless the defendant comes forward with evidence that the plaintiff did not exert reasonable efforts to mitigate [his] damages." Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) (internal quotation marks and citations omitted). Thus, although a failure to diligently seek new employment precludes an award of backpay for the period during which employment was

5

not sought, the duty to mitigate is not without limits. See Miller v. AT & T Corp., 250 F.3d 820, 838 (4th Cir. 2001). For example, a plaintiff "need not go into another line of work, accept a demotion, or take a demeaning position[.]" Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982).

To be awarded backpay, a discharged employee must first introduce evidence in support of his claim by, for example, establishing that he was unable to find comparable work. Edwards v. Sch. Bd. of Norton, Va., 658 F.2d 951, 956 (4th Cir. 1981). Once a prima facie entitlement to backpay has been made, however, the defendant bears the burden of demonstrating that the plaintiff failed to fulfill the duty to mitigate. See Miller, 250 F.3d at 838. We review a district court's decision to award backpay for abuse of discretion. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 651 (4th Cir. 2002). We have reviewed the district court's order awarding Everhart backpay and discern no abuse of discretion in the district court's award.

Based on the foregoing, we affirm the district court's final order of judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6